## King's Admr. v. Dorsey, et al.

(Decided October 31, 1911.)

### Appeal from Henderson Circuit Court.

Action Upon Note—Credit—Evidence—Pleadings and Exhibits.—In an action upon notes evidence examined and held that the credit allowed was error. There was no oral evidence, and the case turned upon the pleadings and exhibits. A simple statment as to how credit was placed cannot avail against one who is dead.

VANCE & HEILBRONNER for appellant.

DORSEY & STANLEY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

On August 5, 1885, C. L. King sold and conveyed a parcel of land to Henry Farmer, at the price of $1,400, and took Farmer's seven notes for $200 each, payable annually with interest from date. The first note was due March 1, 1886, and one became due on March 1, each year thereafter. King was a merchant in Corydon, Kentucky, and Farmer was a colored man who could neither read nor write and lived in the country near Corydon. Farmer made many payments on the land, and at the date of his death, in 1889, the first three notes had been paid and surrendered to him. It seems that when Farmer would make a payment, King would give him a receipt for it but was rather careless about entering credits on the notes. After the death of Farmer, his widow and children made several more payments on the four re-

maining notes under the impression that they had not been paid in full. C. L. King died in April, 1909, and his administrator brought this action against Ellen Farmer, the widow of Henry Farmer and now the wife of Dorsey, and the children of Henry Farmer, Ellen and Bud Farmer, seeking to enforce a lien on the land for an alleged balance due on the notes. Appellant stated in his petition that the notes were entitled to ten credits, giving the amount and date of each. Appellees answered denying that there was any balance due on the notes; admitting that the credits named in the petition were correct, with the exception of the one for $50.40, which they alleged should have been for $100, and presented two receipts of C. L. King which they stated were for money paid on the land, and asked credit for the amount named in them. The administrator replied denying that the credit for $50.40, entered October 27th, 1896, was a mistake. He admitted that the receipt filed with the answer shows that Farmer made a payment on that date of $100, but asserted that he was indebted to King on that date to the extent of $49.60, $15 for cash loaned him and $34.60 for lumber, which sums were deducted from the $100 and the balance credited on the notes.

The lower court referred the matter to a master commissioner to a calculation of the notes and report the state of claims between the parties. The commissioner reported that appellees had paid $262.25 more than was due on the notes. In arriving at this amount, the commissioner, following the orders of the court, allowed appellees credit for the difference between the $100 receipt dated October 27th, 1896, and the credit allowed them by appellant of $50.40 of that date, and also credited them with $95 which was evidenced by the following receipt:

"Rec'd of Henry Farmer one mule colt and one horse colt for ninety-five dollars on land note, Mch. 15, '87, Bud Farmer to keep them till 15 April.

"C. L. KING."

These are the only two credits allowed appellees in addition to those allowed in the petition. The court rendered judgment against appellant for the amount reported by the commissioner.

The only question to be determined on this appeal is whether or not the court erred in giving appellees the benefit of the two credits last referred to. We are of the opinion that the court did err in allowing the credit of $95. There was no oral proof introduced by either

party, therefore we must decide the case upon the pleadings and exhibits. The answer alleged that this $95 receipt was paid on the land notes and that appellees were entitled to be credited with it on the notes sued on. Appellant denied this by reply, and alleged that it was paid on one of the notes, or on the notes, which were surrendered to Farmer. The receipt says that it was paid on the land note, but does not state which one. It was paid March 15, 1887, and before the last of the three notes surendered to Farmer became due. The inference is, therefore, that it was paid upon one of these three notes, and not on one of the notes in suit. As to the credit of $100 instead of $50.40 given appellees, we are of the opinion that the court did not err. The receipt shows that Farmer paid on October 27, 1896, $100 to C. L. King "balance due on wheat," while appellants allow appellees a credit for only $50.40. This payment was made and the receipt executed while C. L. King had the four notes sued on in his possession. It is true appellant says in his reply that the difference went to settle other claims, and this amounted to an affirmative denial that appellees were entitled to the additional credit. Appellant did not, however, introduce any testimony showing that C. L. King had any claim against Farmer for money loaned or for lumber; all we find about the matter is the affirmative denial in the pleadings. The amount and date of the receipt established a prima facie case for appellees, and a simple statement that the credit was properly placed otherwise, against one who is dead, cannot avail.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.